## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

HERSCHEL COLLINS, ET AL.,      :
                                  :
         Plaintiffs,         :
                                    :     No. 3:04CV1905 (MRK)
v.                           :
                                    :
EXPERIAN CREDIT REPORTING   :
SERVICE, ET AL.,                    :
                                    :
         Defendants.      :

## <u>RULING AND ORDER</u>

This ruling addresses the following motions that are currently pending before the Court: Defendants Equifax and Trans Union's Consolidated Motion to Dismiss Plaintiffs' Amended Complaint [doc. #31]; Defendant Experian's Motion to Dismiss Plaintiffs' Amended Complaint [doc. #32]; Plaintiff Estelle Jessup's Motion for Leave to Expand My Complaint [doc. #34]; and Plaintiff Herschel Collins' Motion for an Injunction and Restraining Order [doc. #35]. Having considered the parties' submissions, the Court enters the following orders.

## I.

Equifax and Trans Union's Consolidated Motion to Dismiss Plaintiffs' Amended Complaint [**doc. #31**] is DENIED and Experian's Motion to Dismiss Plaintiffs' Amended Complaint [**doc. #32**] is GRANTED IN PART and DENIED IN PART. Defendants move to dismiss all three of the *pro se* Plaintiffs' claims on essentially two grounds: (1) failure to comply with the pleading requirements of Rule 8 of the *Federal Rules of Civil Procedure*; and (2) failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. In addition, all three Defendants move to dismiss Ms. Jessup's claims as time-

barred by the relevant statute of limitations.

Rule 8 does not impose particularly onerous requirements. The rule requires only that complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8 (a)(1). The purpose of this requirement is simply to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Wynder v. McMahon*, 360 F.3d 73, 77 (2d Cir. 2004) (citations omitted); *see also Swierkiewicz v. Sorema, S.A.*, 534 U.S. 506, 512 (2002). The Second Circuit has defined fair notice as " 'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.' " *Id.* at 79 (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). "The Rules then rely on extensive discovery to flesh out the claims and issues in dispute." *Phillips v. Girdich*, 408 F.3d 124, 127 (2d Cir. 2005); *see also Swierkiewicz*, 534 U.S. at 512 ("this simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims").

Given the simplified pleading standards of the Federal Rules, a court may dismiss a complaint under Rule 12(b)(6) " 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id.* (quoting *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)). Moreover, in considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Gill v. Pidlypchak*, 389 F.3d 379, 384-85 (2d Cir. 2004) (citations omitted). Furthermore, where, as here, the case involves a *pro se* litigant, the court must construe the allegations in the complaint

liberally.  *Id*. (citation and quotation marks omitted) (alteration in original).  The Second Circuit

has recently emphasized that in determining whether a *pro se* complaint meets these standards "a

district court should look at them with a lenient eye, allowing borderline cases to  proceed."

*Phillips*, 408 F.3d at 127-28 (quotations and citations omitted).  "[P]*ro se* litigants . . . cannot be

expected to know all of the legal theories on which they might ultimately recover.  It is enough

that they allege that they were injured, and that their allegations can conceivably give rise to a

viable claim."  *Id*. at 130.

Defendants previously moved to dismiss Plaintiffs' original Complaint on Rule 8

grounds, *see* Defendants' Consolidated Motion to Dismiss and in the Alternative for a More

Definite Statement [doc. #9], but the Court denied their request and instead afforded Plaintiffs an

opportunity to provide Defendants with a more definite statement of Plaintiffs' claims.  *See*

Ruling and Order [doc. #17].  In particular, the Court directed Plaintiffs to:

> state specifically which of their credit reports were inaccurate, on what basis they
> are claimed to be inaccurate, and what conduct of the Defendants allegedly
> violated the FCRA. If Plaintiffs make multiple claims, each claim against each
> Defendant should be listed as a separate count in the Complaint.

*Id*. at 3.  Thereafter, Plaintiffs filed a pleading entitled "More Definitive Statement Requested by

Defendants" [doc. #28] which has been docketed as, and which the Court will treat as, an

Amended Complaint.  Plaintiffs' Amended Complaint, like many *pro se* pleadings, is not a model

of clarity.  Plaintiffs write entirely in capital letters and use only minimal punctuation.  They

occasionally refer to certain paragraph numbers, yet the text is not separated into paragraphs and

their pleadings are devoid of section headings or page numbers.  Nevertheless, the Court

concludes that Plaintiffs have made a good faith attempt to comply with this Court's order

directing them to provide Defendants with a more definite statement and with one exception noted below, Plaintiffs have adequately pleaded their claims under Rules 8 and 12(b)(6) of the *Federal Rules of Civil Procedure*.  That said and in the interest of clarity, the Court would ask Plaintiffs in the future to forebear from using all capital letters in their pleadings and to try to separate their arguments or claims into separate paragraphs.

### A.  Herschel Collins

The portion of the Amended Complaint that relates to Plaintiff Herschel Collins sets forth allegations relating principally to Experian.  *See* Am. Compl. [doc. #28] at 1-3.  Mr. Collins makes only one reference to unlawful conduct by Defendants Trans Union or Equifax.  He states that "Defendants Experian, Trans Union and Equifax violated 15 U.S.C. Section 1681 of the Fair Credit Reporting Act, by ignoring complaints of Herschel Collins of identity theft of his name, in the credit accounts being published by the three credit reporting agencies." *Id*. at 1.  None of the three Defendants has even addressed this claim, much less opposed it.  Indeed, Trans Union and Equifax apparently skipped over this portion of the Amended Complaint, as they argue that Mr. Collins has failed to make any allegations against them.  *See* Trans Union & Equifax's Motion to Dismiss Pls.' Am. Compl. [doc. #31] at 2.

The Court construes Ms. Collins' allegations to state a claim under two recently-added provisions of the FCRA[1] that impose duties on credit reporting agencies relating to identity theft. First, under 15 U.S.C. § 1681c-1, a credit reporting agency is required to put a "fraud alert" on the file of any consumer who asserts in good faith that she has been, or is about to become, the

---

[1]  15 U.S.C. §§ 1681c-1 and 1681c-2 were added to the FCRA by the Fair and Accurate Credit Transaction Act of 2003 ("FACTA"), Pub. L. 108-159, 111 Stat. 1952 (2003), and became effective on December 1, 2004.

victim of identity theft.  This fraud alert requests creditors to take additional steps to verify the applicant's identity before modifying any credit accounts or opening new credit accounts in the applicant's name.  *See* ID Theft Home, http://www.consumer.gov/idtheft/ (last visited Aug. 19, 2005).  A victim of identity theft is also entitled to receive a free credit report under § 1681c-1.  Second, under § 1681c-2, a credit reporting agency, shall, after receving certain verifying information, "block the reporting of information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft."  15 U.S.C. § 1681c-2(a).  Mr. Collins' allegation that Defendants have "ignored" his complaints could conceivably state a claim under either of these provisions.  Accordingly, the Court denies Equifax and Trans Union's Consolidated Motion to Dismiss Plaintiffs' Amended Complaint [doc. #31].

Mr. Collins also sets forth allegations specifically against Experian.  Mr. Collins alleges broadly that "Experian . . . has supplied prospective credit grantor with false information about his credit history" including "judgments, collection, [and] point scores."  Am. Compl. [doc. #28] at 2.  Mr. Collins further alleges that as a result of the alleged inaccuracies, he has been denied loans.  *Id*.  These facts could conceivably give rise to the to a cause of action under 15 U.S.C. § 1681e(b), which requires credit reporting agencies to maintain "reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  *County Vanlines, Inc. v. Experian Info. Solutions, Inc*., 317 F. Supp. 2d 383, 394 (S.D.N.Y. 2004).

However, the Court's analysis does not end here because Mr. Collins has indicated in his prior pleadings that he has already sued Experian under the FCRA for its failure to maintain accurate credit reports in a case called *Collins v. Ford Motor Credit Co., et al*, No. 3:01cv2060

5

(AVC).  *See* Pls.' Motion to Dismiss Defs.' Consolidated Motion to Dismiss, and in the

Alternative, For a More Definite Statement [doc. #11] at 2.  At some point in that lawsuit, Mr.

Collins entered into a settlement agreement with Experian and the court entered judgment

dismissing all of Mr. Collins' claims.  *See* Judgment [doc. #179] in *Collins v. Ford Motor Credit

Co., et al*, No. 3:01cv2060(AVC).  As the Court has advised Mr. Collins, the doctrine of res

judicata bars Mr. Collins from reasserting any claims that have been finally resolved in the prior

lawsuit.  *See* Ruling & Order [doc. # 18] at 3-4.

     Experian moves to dismiss Mr. Collins' § 1681e claims under Rule 8 because they fail to

"allow the application of res judicata."  Experian's Motion to Dismiss Pls.' Am. Compl. [doc.

#32] at 4-5.  The Court agrees with Experian.  One of the express purposes of the pleading

requirements of Rule 8 is to "give the defendant fair notice of what the plaintiff's claim is and the

grounds upon which it rests."  *Wynder*, 360 F.3d at 77.  Fair notice is, among other things, that

which will "allow the application of res judicata."  *Id.* at 79 (quoting *Simmons*, 49 F.3d at 86).

Mr. Collins' single allegation that "Experian . . . has supplied prospective credit grantor with false

information about his credit history" is too vague to permit Experion or this Court to assess his

claim under the doctrine of res judicata.  The Court is mindful of the Second Circuit's admonition

that Rule 8 does not require a plaintiff such as Mr. Collins to flesh out *all* the details of his

claims at this stage.  Nonetheless, the Court believes that Mr. Collins should, at a minimum, be

required to set forth a time frame for the events that form the basis of his claims so that the Court

can, if appropriate, consider whether the doctrine of res judicata bars his claims.

     Therefore, the Court GRANTS Experian's Motion to Dismiss Plaintiffs' Amended

Complaint [doc. #32] as to Mr. Collins and DISMISSES Mr. Collins' § 1681e(b) claim against

Experian WITHOUT PREJUDICE.  The Court will allow Mr. Collins one <u>final</u> opportunity to

state a claim under 15 U.S.C. § 1681e.  To that end, Mr. Collins may, on or before **September**

**23, 2005**, file a motion to amend the complaint along with a proposed amended complaint.  The

Court emphasizes that this is not an invitation to Mr. Collins to introduce new and factually

unrelated claims into this lawsuit.  The Court is simply providing Mr. Collins one final

opportunity to articulate his § 1681e(b) claim against Experian in a manner that comports with

the pleading requirements of the *Federal Rules of Civil Procedure*.  If Mr. Collins does choose to

reassert his § 1681 claim, Experian may renew its res judicata motion, if appropropriate, at that

time.

### B. Estelle Jessup

The portion of the complaint relating to Plaintiff Estelle Jessup borders, at certain points,

on incoherence.  *See* Am. Compl. [doc. #28] at 3.  Despite the Court's instructions in its prior

order, Ms. Jessup has not identified which, if any, of her credit reports was inaccurate, or which

of the three Defendants engaged in the conduct that she complains of; nor has she identified

which provision of the FCRA she believes Defendants have violated.  Nevertheless, construing

Ms. Jessup's allegations liberally, the Court concludes that she has alleged facts that could give

rise to a claim under the FCRA.

Ms. Jessup makes a vague reference to an instance of identity theft and claims that "the

above defendants in there [sic] violation of the law telling me when I complain that this is my

signature and they have never met me" and that "I have been told I have credit cards in my name,

the bill does not come to my address, I ask where the cards and bill going, no response from

defendants." *Id*.  However, in Plaintiffs' Motion of Objection to Defendant's Motion of

Dismissal [doc. #38], Ms. Jessup alleges somewhat more clearly that she was a victim of identity theft in 2002, and "the three credit bureaus failed to notify creditor of the identity theft, as result on January 18, 2005, her home was taken by the state court and sold . . . , and the persons identified in the identity theft report circulated by the federal trade commission has [sic] never appeared on any of the three reporting agencies reports."

As set forth in Part A, *supra*, the Court is aware of only two provisions in the FCRA imposing duties on credit reporting agencies relating to identity theft: (1) 15 U.S.C. § 1681c-1 requires credit reporting agencies to put a "fraud alert" on the file of any consumer who asserts in good faith that she has been, or is about to become, the victim of identity theft and entitles a victim to a free credit report; and (2) 15 U.S.C. § 1681c-2 requires that credit reporting agencies, after receiving certain verifying information, "block the reporting of information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft." At least one of Ms. Jessup's allegations – namely her statement that the defendants "failed to notify creditor of the identity theft" – could conceivably give rise to a claim under these provisions.  Under § 1681c-2, after blocking information that allegedly resulted from identity theft, credit reporting agencies must also notify the "furnisher" of the blocked information that "the information may be the result of identity theft."  15 U.S.C. § 1681c-2(b).

Defendants move to dismiss Ms. Jessup's claims on the ground that they are time-barred because she states that she has been the victim of identity theft "[s]ince 1997."  *See* Am. Compl. [doc. #28] at 3; Experian's Motion to Dismiss Pls.' Am. Compl. [doc. #32] at 6; Equifax & Trans Union's Consolidated Motion to Dismiss Pls.' Am. Compl. & Mem. in Support [doc. #31] at 3-4. Claims for violations of the FCRA must be brought not later than the earlier of (1) "2 years after

8

the date of discovery by the plaintiff of the violation that is the basis for such liability"; or (2) "5 years after the date on which the violation that is the basis for liability occurs." 15 U.S.C. § 1681p. Thus, if Ms. Jessup's claims accrued in 1997, they would certainly be barred because this lawsuit was not filed until November 12, 2004.

However, in her opposition brief, Ms. Jessup clarified that the incident of identity theft that forms the basis of her current claims occurred in 2002, not 1997. *See* Pls.' Motion of Objection to Def.'s Motion of Dismissal [doc. #33] at 4. It follows that the alleged failure of the Defendants to notify creditors of this identity theft could not have occurred prior to 2002, arguably placing Ms. Jessup's claim within the statute of limitations period. And while it is possible that the facts may ultimately show that Ms. Jessup discovered Defendants' alleged violation of § 1681c-2 prior to November 2002, the Court cannot conclude that Ms. Jessup's claim is barred by the FCRA's statute of limitations on the basis of the current record.

Defendants also moved to dismiss Ms. Jessup's claims under Rule 12(b)(6) for failure to adequately state a claim under 15 U.S.C. § 1681e and 42 U.S.C. § 1981. However, these objections are now moot because the Court has not construed Ms. Jessup's allegations to invoke either of those statutory provisions. Therefore, the Court DENIES Equifax and Trans Union's Consolidated Motion to Dismiss Plaintiffs' Amended Complaint [doc. #31] and Experian's Motion to Dismiss Plaintiff's' Amended Complaint [doc. #32] as to Ms. Jessup.

### C. Jovan Wooten

The portion of the Amended Complaint relating to Plaintiff Jovan Wooten is much clearer in comparison to that of his co-plaintiffs. Mr. Wooten alleges that defendants "report[ed] derogatory information to creditor that I have defaulted on student loans and had a repossession

9

of an automobile."  Am. Compl. [doc. #28] at 3-4.  Construing Mr. Wooten's allegations

liberally, Mr. Wooten has stated a claim under 15 U.S.C. § 1681e(b).

Under this provision, credit reporting agencies are required to maintain "reasonable

procedures to assure maximum possible accuracy of the information concerning the individual

about whom the report relates."  *County Vanlines*, 317 F. Supp. 2d at 394.  In order to succeed on

a claim under this section, a plaintiff must ultimately demonstrate that: "(1) the consumer

reporting agency was negligent in that it failed to follow reasonable procedures to assure the

accuracy of its credit report; (2) the consumer reporting agency reported inaccurate information

about the plaintiff; (3) the plaintiff was injured; and (4) the consumer reporting agency's

negligence proximately caused the plaintiff's injury."  *O'Diah v. New York City*, No. 02 Civ.274

DLC, 2003 WL 22021921, at *3 (S.D.N.Y. Aug. 28, 2003).

Mr. Wooten has alleged that two items of information were inaccurately reported in his

credit report: (1) that he defaulted on a student loan; and (2) that his automobile was repossessed.

Am. Compl. [doc. #28] at 3-4.  He also explains why he believes that this information is

inaccurate – he did not obtain a student loan and the car that was purportedly repossessed was in

fact recalled.  *See id*.  Finally, Mr. Wooten has also alleged that he was harmed by these

inaccuracies because, as a result of the misinformation on his credit report, he was unable to

obtain credit.  The Court finds that these allegations by Mr. Wooten adequately state a claim for

violation of 15 U.S.C. § 1681e(b).  Accordingly the Court DENIES both Trans Union's

Consolidated Motion to Dismiss Plaintiffs' Amended Complaint [doc. #31] and Experian's

Motion to Dismiss Plaintiff's' Amended Complaint [doc. #32] as to Mr. Wooten.

## II.

Plaintiff Estelle Jessup's Motion for Leave to Expand My Complaint [doc. #34], which the Court construes as a motion to amend the complaint, is denied without prejudice.  Ms. Jessup seeks leave to "include Robert Hannifan, Steven Zuboff, John Cooney, Hunt, Liebert, Esquire, and Washington Mutual" in this action.  However, Ms. Jessup's one paragraph motion does not indicate who the individuals she has named are or on what basis she wishes to include these additional parties in this lawsuit.

Although Courts "freely grant leave to amend 'when justice so requires,' courts deny such leave where amendment would be futile."  *Marvin Inc. v. Albstein*, No. 04 Civ. 1567(DAB), 2005 WL 106908, at *8 (S.D.N.Y. Jan.19, 2005) (citing *Oneida Indian Nation of N.Y. v. City of Sherrill*, 337 F.3d 139, 168 (2d Cir. 2003)).  A proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6).  *See Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991).  For the reasons stated above, there is no question that the amendment proposed by Ms. Jessup could not withstand a motion to dismiss pursuant to Rule 12(b)(6).  Accordingly, the Court denies Ms. Jessup's Motion for Leave to Expand My Complaint [doc. #34] without prejudice to renewal.  However, in the event that Ms. Jessup seeks to renew her motion, she must do so no later than **September 23, 2005** and will need to provide appropriate details regarding the factual basis for including these individuals in this action.

## III.

Plaintiff Herschel Collins' Motion for Injunctions and Restraining Order [**doc. #35**] is denied without prejudice.  Preliminarily, the Court notes that while this motion purports to seek

relief on behalf of all three "plaintiffs" in this lawsuit, it is signed only by Mr. Collins and the

attached exhibits deal only with Mr. Collins.  Therefore, the Court construes the motion as a

having been brought by Mr. Collins alone.  In his motion, Mr. Collins states that

> A few weeks ago defendant credit bureaus were showing unauthorized credit debt
> in violation of the F.C.R.A. . . . [and now] DEFENDANTS Have used there [sic]
> credit reporting network to totally delete Plaintiffs from their credit history files
> ( see attached credit files, and no credit history the following week.

Pl.'s Motion for Injunctions and Restraining Order [doc. #35] at 1 (hanging parenthesis in

original).  Mr. Collins expands on this allegation in his Motion of Objection to Defendants'

Opposition of Injunction [doc. #39] stating that each defendant "has not been showing credit

information of the plaintiffs since this action has been filed.  Plaintiffs cannot receive loans of

any kind, because we do not exist in the three credit bureau records."  *Id*. at 2.  As a result, Mr.

Collins asks the Court to impose "injunctive relief to this practice."   Pl.'s Motion for Injunctions

and Restraining Order [doc. #35] at 1.

> The Second Circuit has stated that

> [A] party seeking a preliminary injunction must demonstrate (1) the likelihood of
> irreparable injury in the absence of such an injunction, and (2) either (a)
> likelihood of success on the merits or (b) sufficiently serious questions going to
> the merits to make them a fair ground for litigation plus a balance of hardships
> tipping decidedly toward the party requesting the preliminary relief.

*Fed. Express Corp. v. Fed. Espresso, Inc*., 201 F.3d 168, 173 (2d Cir. 2000).  The Court cannot

discern from Mr. Collins' vague and conclusory statements whether he has raised any legally

cognizable claim, much less whether he would be likely to succeed on such a claim.  The exhibits

attached to Mr. Collins' motion, a purchase order from an automobile dealer and a loan contract

from a bank, only add to the Court's confusion.  Rather than supporting Mr. Collins' allegation

12

that he has been unable to obtain a loan, these documents suggest that he has recently obtained a substantial loan in connection with the purchase of an automobile.  Therefore, the Court denies Mr. Collins' Motion for Injunctions and Restraining Order [**doc. #35**] without prejudice to renewal.[2]  If Mr. Collins chooses to renew this motion, he must clearly describe the facts that underlie his request for injunctive relief, and must do so no later than **September 23, 2005**.

### IV.

In conclusion, the Court DENIES Equifax and Trans Union's Consolidated Motion to Dismiss Plaintiffs' Amended Complaint [**doc. #31**] and GRANTS IN PART AND DENIES IN PART Experian's Motion to Dismiss Plaintiff's' Amended Complaint [**doc. #32**].  Specifically, Experian's motion is GRANTED as to Mr. Collins and DENIED as to Ms. Jessup and Mr. Wooten.  In addition, the Court DENIES WITHOUT PREJUDICE Ms. Jessup's Motion for Leave to Expand My Complaint [**doc. #34**] and DENIES WITHOUT PREJUDICE Mr. Collins' Motion for Injunctions and Restraining Order [**doc. #35**].  Mr. Collins must file any motion to amend the complaint to state a claim under 15 U.S.C. § 1681e and/or any renewed motion for injunctive relief no later than **September 23, 2005**.  Similarly, Ms. Jessup must also file any motion to join additional parties no later than **September 23, 2005**.

---

[2] The Court notes that there is a split among the federal courts as to whether the FCRA provides for injunctive relief in private suits.  *See Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 268 (5th Cir. 2000) (collecting cases); *White v. First Am. Registry, Inc.*, No. 04 Civ. 1661(LAK), --- F. Supp. 2d ---, 2005 WL 1713065, at * 3 (S.D.N.Y. July 21, 2005) (declining to recognize claim for injunctive relief).  The majority of courts have concluded that injunctive relief is available only in suits brought by the Federal Trade Commission.

IT IS SO ORDERED.



/s/ _____ Mark R. Kravitz _____
United States District Judge


**Dated at New Haven, Connecticut: <u>August 24, 2005</u>**.