UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HERSCHEL COLLINS, et al., | : |
| | : |
| Plaintiffs, | : |
| | : No. 3:04CV1905 (MRK) |
| v. | : |
| | : |
| EXPERIAN CREDIT REPORTING SERVICE, et al., | : |
| | : |
| Defendants. | : |

**RULING AND ORDER**

Currently pending before the Court are a number of motions to dismiss the claims of *pro se* Plaintiffs Estelle Jessup, Jovan Wooten, and Herschel Collins based upon their alleged failure to provide discovery requested by Defendants Experian Information Solutions, Inc. ("Experian"), erroneously sued as Experian Credit Reporting Services, Trans-Union Credit Reporting Service ("Trans Union"), and Equifax Information Systems Credit Reporting Services ("Equifax"). [docs. ## 89-94]. In addition, Experian moves for orders to show cause against Plaintiffs Jessup and Wooten because of their failure to post $500 bonds as required by the Court. [docs. ## 87, 88].

The full procedural history of this case is known to the parties and will not be repeated at length here. Suffice it to say that in the fall of 2005, after Plaintiffs failed to respond to discovery requests (interrogatories, production requests, and requests to admit) served by each Defendant on each Plaintiff, each Defendant filed a Motion to Compel Discovery. [docs. ## 56-58, 60-62, 64-65]. In response, the Court issued Orders to Show Cause [docs. ## 59, 63, 66] requiring Plaintiffs to show cause by mid-December why Defendants' motions should not be granted. Thereafter, Defendants

1

filed motions to dismiss for failure to show good cause in accordance with the Court's order. [docs. ## 67,70,72]. On February 6, 2006, the Court issued an Order [doc. # 76] granting each Defendant's Motion to Compel, ordering Plaintiffs to respond to the outstanding discovery requests by February 20, 2006, or risk dismissal of their claims, and setting a hearing for February 28, 2006, on the outstanding motions to dismiss.

The Court held a hearing on February 28 at which each Plaintiff appeared, along with counsel for each Defendant. [doc. # 82]. The Court explained to Plaintiffs that they needed to respond fully and completely to each Defendant's discovery requests, and Defendants' counsel agreed to provide Plaintiffs with additional copies of their requests. Based upon each Plaintiff's explicit representation and commitment that he or she would respond fully and completely to Defendants' requests by March 31, 2006, the Court denied without prejudice the Defendants' motions to dismiss [doc. # 83]. The Court's Order stated as follows:

> For the reasons stated in open Court on February 28, 2006, the Court hereby orders each Plaintiff to respond (under oath) fully, completely, and with specificity to every one of Defendants' discovery requests **by March 31, 2006**. **Failure to do so will result in dismissal of this suit.** Defendants' Motions to Dismiss [docs. ## 67, 70, 72, 77, 78, & 79] are DENIED without prejudice to renewal if Plaintiffs do not comply with the Court's Order.

At the Court's direction, the Defendants promptly re-served their outstanding discovery requests on Plaintiffs.

On March 6, 2006, Experian moved to require Plaintiffs Jessup and Wooten to post $500 bonds [docs. ## 85, 86], and the Court granted Experian's motions, requiring Ms. Jessup and Mr. Wooten to post $500 bonds no later than April 9, 2006 [docs. ## 87, 88].

Between April 6 and 10, Defendants filed renewed motions to dismiss because Plaintiffs

allegedly failed to comply with the Court's order to provide discovery. [docs. ## 89-94]. On April 16, 2006, Plaintiffs filed an opposition to the renewed motions to dismiss and included their discovery responses. [doc. # 95]. On April 28, Experian moved for an order to show cause why the claims of Plaintiffs Jessup and Wooten should not be dismissed for their failure to post the bond required by the Court on March 9. [docs. ## 96-97]. Plaintiffs Jessup and Wooten oppose the motions because they assert that they are "paupers," though they have neither applied for nor been granted *in forma pauperis* status. [doc. # 98].

As the Court fully explained at the February 28 hearing, *pro se* parties are not excused from abiding by the *Federal Rules of Civil Procedure*. *See Wilson v. Gantert*, No. 01-CV-6371, 2004 WL 1591400, at *3 (W.D.N.Y. July 12, 2004) ("[E]ven pro se litigants must abide by the *Federal Rules of Civil Procedure*." (internal quotation marks omitted)). Plaintiffs have failed to answer a number of interrogatories and requests to admit, or have made denials without the required explanation. However, the Court concludes that overall, these *pro se* parties have made a good faith – albeit imperfect – attempt to comply with the Court's orders and Defendants' extensive discovery requests. For instance, in response to an interrogatory from Defendant Trans Union asking Mr. Collins to list the names and addresses of people with whom he has discussed the substance of his complaint, Mr. Collins submitted thirteen names and addresses.

The question for the Court is whether dismissal is an appropriate sanction for Plaintiffs' failures to respond fully to Defendants' discovery requests, or whether some other sanction short of dismissal would be preferable. "Dismissal is considered a drastic sanction and should be reserved for only the most severe abuses of the discovery process." *Alaska Pulp Corp. v. United States*, 41 Fed. Cl. 611, 614-15 (1998). Dismissal is inappropriate unless a party's discovery failures have been

willful or other, less-severe sanctions have proven ineffective. *De Bauche v. Harley-Davidson Motor Co. Operations, Inc.*, 88 Fed. Appx. 122, 124 (7th Cir. 2004).

At the case's current stage, the Court concludes that a sanction short of dismissal is appropriate. Therefore, the Court orders the following:

1. For interrogatories that Plaintiffs have not answered at all, Plaintiffs will not be permitted to offer proof as to the matters fairly encompassed by the interrogatories.

2. For any requests to admit that were inadequately denied or not answered at all, Plaintiffs will be deemed to have admitted the matters fairly encompassed by the requests to admit. *See* Fed. R. Civ. P. 36(a) (providing that where a party fails to respond timely to a request for admission, "[t]he matter is admitted").

3. For production requests where Plaintiffs have failed to provide documents, Plaintiffs may not introduce into evidence any document not actually produced in response to Defendants' production requests. This prohibition includes documents Plaintiffs have claimed are in Defendants' possession, or those Plaintiffs claimed to have attached to their responses but did not.

4. Defendants have stated that their discovery requests were designed to avoid the need for depositions. Due to Plaintiffs' imperfect discovery responses, Defendants may wish to depose Plaintiffs. If so, the Court will entertain – though does not commit to granting – a motion for attorneys fees following the depositions if Defendants can demonstrate that the depositions could have been avoided if Plaintiffs had been more responsive to Defendants' discovery requests.

The Court believes that these sanctions are proportional to the harm inflicted by any

inadequacies in Plaintiffs' responses, and that these sanctions avoid the drastic step of dismissing an action due to the failure of *pro se* parties to comply fully with procedural rules.

The Court also grants Experian's Motions for orders to show cause. **Plaintiffs Jessup and Wooten, who have neither sought nor been granted *in forma pauperis* status, must each post a $500 bond by June 19, 2006.  If they fail to do so, the Court will dismiss their claims against Experian without any further notice.**

In summary, the Court DENIES without prejudice Defendants' Motions to Dismiss  [docs. ## 89-94], though the Court grants the sanctions imposed by this Order; and the Court GRANTS Defendant Experian's motions for orders to show cause [docs. #96, 97].


IT IS SO ORDERED,


/s/        Mark R. Kravitz
United States District Court


**Dated at New Haven, Connecticut: June 5, 2006.**