# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

HERSCHEL COLLINS, et al.,                    :
                                             :
              Plaintiffs,                    :
                                             :          No. 3:04CV1905 (MRK)
v.                                           :
                                             :
EXPERIAN CREDIT REPORTING                    :
SERVICE, et al.,                             :
                                             :
              Defendants.                    :

## RULING AND ORDER

Currently pending before the Court are *pro se* Plaintiffs' Motion for Contempt of Court on a Subpeona Served on Sovereign Bank Failed to Respond to [doc. # 112] and Motion for 14th Amendment Violation and Sanctions Against Sovereign Bank a Federal Licenced Bank Under U.S. Treasury [doc. # 117].  The Plaintiffs argue that non-party Sovereign Bank allegedly refused to comply with a subpoena served on it by Mr. Collins on August 11, 2006, and that Plaintiffs are therefore entitled to sanctions under Rule 45 of the *Federal Rule of Civil Procedure*.  Plaintiffs also claim that Sovereign Bank's refusal to comply with the subpoena, as well as the response of Sovereign's counsel, violated the Plaintiffs' 4th and 14th Amendment rights.  Sovereign Bank responds that Plaintiffs' subpoena failed to comply with Rule 45 because: (1) Plaintiffs attempted to use the subpoena to impermissibly serve interrogatories on a non-party to this action on a subject that was not related to this action; (2) Sovereign Bank was given an unreasonably short period of time in which to comply; and (3) the subpoena imposed an undue burden on Sovereign Bank.  The Court DENIES both of Plaintiffs' motions.

As the Court fully explained at its February 28 hearing with the proper parties to this case

regarding a discovery dispute, *pro se* parties are not excused from abiding by the *Federal Rules of Civil Procedure. See Wilson v. Gantert*, No. 01-CV-6371, 2004 WL 1591400, at *3 (W.D.N.Y. July 12, 2004) ("[E]ven pro se litigants must abide by the *Federal Rules of Civil Procedure.*") (internal quotation omitted).  Plaintiffs' requests for sanctions is improper for several reasons.   First, it is apparent from the copy of the subpoena submitted by both Mr. Collins and Sovereign Bank that the subpoena merely provided a list of questions and statements to which Sovereign Bank was ordered to respond on August 19, 2006.  Rule 45 of the *Federal Rules of Civil Procedure* permits parties to obtain information from non-parties but only through testimony at trial or by deposition, or through inspection and copying of documents the non-party is required to produce at trial or deposition.  Rule 45 does not allow a party to serve interrogatories upon a non-party.[1]  Sovereign Bank is not a party to this action, and therefore, it could not be compelled by a Rule 45 subpoena to answer Plaintiffs' interrogatories.

Second, and in any event, Rule 45 does not permit a party to use a subpoena to obtain information from non-parties that is unrelated to the action in which the Rule 45 subpoena is issued. It appears from the pleadings on these motions that the underlying matter about which Mr. Collins sought information through the subpoena is not at all related to the claims in this case.  The information that Mr. Collins sought to obtain from Sovereign Bank via the subpoena apparently relates to Mr. and Mrs. Collins' purchase of a Ford Explorer from Hoffman Ford in East Hartford, Connecticut, on January, 1, 2005, a transaction that Sovereign Bank appears to have financed. However, this case involves claims by Plaintiffs against Experian, Equifax, and Trans Union regarding their alleged failure to comply with the Federal Credit Reporting Act.  *See* Ruling and

---

[1]  The service of interrogatories is governed exclusively by Rule 33, which by its plain language permits a party to serve interrogatories only on other *parties*.

Order [doc. # 45].  Sovereign Bank is neither a party to this case nor involved in any of the allegations that form the basis of Plaintiffs' claims against those three credit-reporting agencies. Accordingly, Plaintiffs improperly sought to use a Rule 45 subpoena to obtain information from a non-party that has nothing to do with this case.

It follows that Plaintiffs cannot obtain sanctions from Sovereign Bank for refusing to comply with a subpoena that was not valid.  Accordingly, Plaintiffs' Motion for Contempt of Court [doc. # 112] is DENIED.  For similar reasons, the Court also DENIES Plaintiffs' Motion for 14th Amendment Violation and Sanctions [doc. # 117].  The Court repeats that Sovereign Bank is not a party to this action and that the issues in this case are unrelated to their claims against Sovereign Bank.  Therefore, Plaintiffs may not pursue in this action any claims they may have against Sovereign Bank, at least absent amendment of their complaint.

Finally, non-party Sovereign Bank requests in its Response of Sovereign Bank to "Motion for 14th Amendment Violation and Sanctions against Sovereign Bank A Federal Licensed Bank Under U.S. Treasury" [doc. # 118] that the Court issue a restraining order against Herschel Collins "from further filing pleadings allegedly directed at Sovereign Bank."  *Id.* at 1.  The Court is not prepared at this time to issue such a restraining order, and therefore, Sovereign Bank's request for injunctive relief is DENIED.  **However, the Court cautions Plaintiffs that if they file any further pleadings against non-party Sovereign Bank in this action and if the Court once again concludes that the pleadings are improper under the rules, the Court may well impose sanctions, including, if necessary, a restraining order.**

In summary, the Court DENIES Plaintiffs' Motion for Contempt of Court on a Subpoena Served on Sovereign Bank Failed to Respond to [doc. # 112] and Motion for 14th Amendment Violation and Sanctions Against Sovereign Bank a Federal Licenced Bank Under U.S. Treasury

3

[doc. # 117], and the Court DENIES non-party Sovereign Bank's request for a restraining order

against Mr. Collins [doc. # 118].

IT IS SO ORDERED,

/s/ _____Mark R. Kravitz_____
United States District Judge

Dated at New Haven, Connecticut: **October 2, 2006**