UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HERSCHEL COLLINS, et al., : | |
| : | |
| Plaintiffs, : | |
| : | No. 3:04CV1905 (MRK) |
| v. : | |
| : | |
| EXPERIAN CREDIT REPORTING : | |
| SERVICE, et al., : | |
| : | |
| Defendants. : | |

**RULING AND ORDER**

Currently pending before the Court is *pro se* Plaintiffs' Motion for Leave to Add Defendants, the Chairman Committee on the Judiciary and the U.S. Dept of Justice, Approve this Motion [doc. # 124], which the Court construes as a motion to amend the complaint. Because this Court gave Plaintiffs a final deadline of September 23, 2005, for the filing of any amended complaint, and because the Plaintiffs have not alleged or demonstrated any good cause for amending the complaint at this time, and further because the Plaintiffs have already been given ample opportunity to amend their complaint in the two years that this case has been pending, the Court DENIES Plaintiffs' Motion to Amend [doc. # 124].

As the Court fully explained at its February 28, 2006 hearing with the proper parties to this case regarding a discovery dispute, and has had further cause to explain since then, *pro se* parties are not excused from abiding by the *Federal Rules of Civil Procedure*. *See Wilson v. Gantert*, No. 01-CV-6371, 2004 WL 1591400, at *3 (W.D.N.Y. July 12, 2004) ("[E]ven pro se litigants must abide by the *Federal Rules of Civil Procedure*.") (internal quotation omitted). While, as a general matter, courts should freely grant permission to amend, *See Foman v. Davis*, 371 U.S. 178, 182, 83

S. Ct. 227, 9 L. Ed. 2d 222 (1962); Fed. R. Civ. P. 15(a), the Second Circuit has made it clear that the good cause standard of Rule 16 supersedes the more liberal standard of Rule 15(a) where, as here, a motion to amend is filed after the deadline for amended pleadings set by a court's scheduling order, *see, e.g.*, *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) ("Where a scheduling order has been entered, the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'"). Such an order was entered in this case, requiring amendments to the pleadings to be filed no later than September 23, 2005. *See* Ruling and Order [doc. # 45]. The Plaintiffs did not file the present motion to amend until November 3, 2006.

      Finally, Plaintiffs' only intention in amending the complaint at this point is to bring in new, unrelated parties to this lawsuit – against whom they assert no claims – and to force these parties to attend an already-scheduled settlement conference between the proper parties to this action. The Plaintiffs have not even attempted to demonstrate why such an action would be proper, much less why there is good cause for their delay in amending the complaint for this purpose, as is their burden under Rule 16. Therefore, the Court DENIES Plaintiffs' Motion for Leave to Add Defendants, the Chairman Committee on the Judiciary and the U.S. Dept of Justice, Approve this Motion [doc. # 124]**.**

                      IT IS SO ORDERED,

                       /s/      Mark R. Kravitz
                            United States District Judge

Dated at New Haven, Connecticut: **December 14, 2006.**